IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRENT LEE SMITH, | CV 25-43-BU-TJC |
| Plaintiff, | **ORDER** |
| vs. | |
| LOWES HOME CENTERS, LLC, a North Carolina limited liability company, | |
| Defendant. | |

Plaintiff Brent Lee Smith ("Smith") brings this action against Defendant Lowe's Home Centers, LLC ("Lowe's"), arising from injuries Smith sustained while on Lowe's property on April 12, 2024. (Doc. 1-1.) Presently before the Court is Lowe's Motion to Dismiss (Doc. 6), which is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court finds the motion should be **GRANTED**, as set forth below.

I.   BACKGROUND[1]

Smith entered Lowe's property with the intent to make a purchase. (Doc. 1-1 at 2.) While traveling along the backside of Lowe's property, Smith was struck

---

[1] For the purposes of this motion, the Court accepts as true the allegations contained in the Complaint. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

1

in the face by a gate. (*Id*.) Smith was subsequently transported to a hospital, where he received approximately 40 stitches on his head. (*Id*. at 3.) Smith alleges that he continues to suffer from neck and back pain as a result of the initial injury. (*Id*.)

Smith made a claim against Lowe's. (*Id*. at 4.) Lowe's denied Smith's claim, allegedly without providing "a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law." (*Id*.)

Thereafter, Smith filed this action against Lowe's. Smith asserts claims for negligence (Count I), and for violation of provisions of the Montana Unfair Trade Practices Act (UTPA) under Mont. Code Ann. § 33-18-201 (Count II).[2] (*Id*. at 3–4.)

Lowe's now moves to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 6.) Lowe's argues Smith cannot state a claim under § 33-18-201 because Smith's Complaint does not allege that his underlying claim has been either settled or adjudicated in his favor. (Doc. 7 at 4.) Lowe's points to § 33-18-242(7)(b), which provides that an independent cause of action by a third-party claimant under

---

[2] Smith specifies in his Response to Defendant's Motion to Dismiss that the specific provision of § 33-18-201 Defendant allegedly violated is subsection (14). Per § 33-18-242(1), of the fourteen enumerated unfair practices in § 33-18-201, only six can form the basis for "an independent cause of action against an insurer for actual damages caused by the insurer's violation of § 33-18-201," and subsection (14) is not among them.

2

§ 33-18-201 can only be pursued "after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." (*Id.* at 3.) Defendant also argues in the alternative that § 33-18-242(9) exempts it from liability under the UTPA because it is a self-insured company. (Doc. 13 at 2.)

In response, Smith does not argue that his underlying claim has been settled or finally adjudicated in his favor. Rather, he contends that whether his claim has been sufficiently "resolved" to trigger a right to an independent action under § 33-18-242(7)(b) is a factual determination that cannot be made by the Court in ruling on a Motion to Dismiss. (Doc. 9 at 6.) Smith also disputes Defendant's contention that its status as a self-insured company excludes it from liability under § 33-18-242. (Doc. 9 at 5).

## II.   LEGAL STANDARDS

Dismissal under Rule 12(b)(6) is proper when the pleading either "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

3

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Nor does a pleading "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

/ / /

## III.   DISCUSSION

The Montana UTPA regulates trade practices in the business of insurance and prohibits certain unfair claim settlement practices.  Mont. Code Ann. §§ 33-18-101, 33-18-201.  The UTPA also provides for an independent cause of action an insured or a third-party claimant may bring against an insurer for damages in connection with the handling of an insurance claim.  § 33-18-242.  The UTPA further limits when, and on what basis, such a cause of action may be brought.  Relevant here, the UTPA provides a prerequisite to suit for an independent cause of action by a third-party claimant against an insurer, and states: "[a] third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim."[3]  § 33-18-242(6)(b).

Thus, under the statute's plain language, "a third-party claimant who wishes to bring such an independent action under [the] UTPA is required, by statute, to wait until" after the underlying claim is settled or adjudicated, thus limiting UTPA

---

[3]  Although Smith does not maintain that his case has been settled, this Court has previously grappled with the meaning of the word "settlement" in § 33-18-242.  *Carlson v. State Farm Mut. Auto. Ins. Co.*, 76 F. Supp. 2d 1069, 1078–79 (D. Mont. 1999).  In *Carlson*, this Court examined at length both the plain and common meaning of "settlement" in an earlier version of § 33-18-242 to determine whether the statute of limitations for a third-party claim had run.  Ultimately, this Court determined that a "case has 'settled' within the meaning" of the statute "when the parties create an enforceable bilateral contract and vest in one another the right to sue for breach of contract." *Id.* at 1079.

5

actions to "[o]nly those third-party claimants who are able to achieve a settlement or prevail at trial." *Safeco Ins. Co. of Ill. v. Mont. Eighth Jud. Dist. Ct.*, 2 P.3d 834, 839 (Mont. 2000).  See also *Peris v. Safeco Ins. Co.*, 916 P.2d 780, 784 (Mont. 1996) (discussing the legislative intent behind § 33-18-242 and the existence of the "statutory restriction on third-party claims" until after a settlement or judgment on the underlying claim); *Marshall v. Safeco Ins. Co. of Ill.*, 413 P.3d 828, 833 (Mont. 2018) ("As a threshold matter, a third-party claimant may not file an action under [the UTPA] until after the underlying claim has been settled."). The Montana Supreme Court has determined that this limitation "serves to both protect insurers from frivolous claims and facilitate judicial economy." *Safeco Ins. Co. of Ill.,* 2 P.3d at 839.

This Court has also determined that the requirement is a jurisdictional prerequisite to suit and must be affirmatively alleged in the plaintiff's complaint. *Hayashi v. Travelers Cas. Ins. Co. of Am.*, 2021 WL 5579215, at *3 (D. Mont. Nov. 30, 2021).  See also *Poteat v. St. Paul Mercury Ins. Co.*, 918 P.2d 677, 679–80 (Mont. 1996) (district court did not have jurisdiction to hear a UTPA case until adjudication or settlement of the underlying claim had occurred); *Safeco Ins. Co. of Ill.*, 2 P.3d at 838 (citing *Poteat* for the principle that "a district court does not have subject matter jurisdiction over [a] UTPA claim until final settlement or judgment is achieved.").

6

Smith does not allege in his Complaint that his underlying claim has been settled, instead referring only to the "denial" of his claim. (Doc. 1-1 at 4). But that is plainly not what the statute requires. The section does not refer to "denial" of a claim by an insurer; it requires settlement of the underlying claim or a favorable final judgment. If a mere denial by the insurer is all that is required, the limitation in the statute would not serve any gatekeeping function and have no practical effect.

In responding to this motion, Smith also does not argue that his claim has been settled or adjudicated in his favor. Rather, he contends that the denial constitutes a "final determination" of his claim, which raises a "plausible inference that … the underlying liability claim was effectively resolved for purposes of triggering [§ 33-18-242(7)(b)]." (Doc. 9 at 6). Again, however, whether the claim has been denied or finally determined by the insurer is not the appropriate inquiry. Smith must achieve a settlement of the underlying claim or final judgment in his favor. Moreover, there has obviously not been a final determination of Smith's underlying the claim; it is the subject matter of his negligence claim in Count I of the Complaint.

Therefore, Smith's UTPA claim in Count II of his Complaint is subject to dismissal. Since Smith may be able to assert his UTPA claim after satisfaction of the prerequisites to suit under the statute, dismissal will be without prejudice.

Additionally, because Count II must be dismissed for Smith's failure to plausibly allege in his Complaint that the underlying third-party insurance claim against Lowe's has been settled or adjudicated, there is no need for this Court to evaluate Lowe's alternative argument that § 33-18-242(9) entirely exempts self-insured companies from liability.

## IV.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **GRANTED,** and Count II of Plaintiff's Complaint is **DISMISSED**, without prejudice.

DATED this 17th day of October, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge